UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID STEPHEN, as beneficiary for JOEL
STEPHEN, deceased,

       Plaintiff,

v.                                     CASE NO.: 8:09-cv-2292-T-23EAJ

UNUM LIFE INSURANCE COMPANY OF
AMERICA,

       Defendant.
_____/

## ORDER

The plaintiff moves to enforce a settlement agreement (Doc. 34), which forms no part of the pleadings in this action and enforcement of which remains outside the scope of this terminated action. A district court ordinarily lacks jurisdiction to enforce a settlement agreement, which is the parties' privately negotiated contract, the existence of which ended the "case or controversy" on which federal jurisdiction depends. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994). This action was **"DISMISSED** subject to the right of any party within sixty (60) days to (1) submit a stipulated form of final order or judgment or (2) re-open the action upon a showing of good cause." (Doc. 33, emphasis in original) The plaintiff instead "requests this Court to enter an Order enforcing the settlement agreement between the parties . . . . " However, "[e]nforcement of the settlement agreement, . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Kokkonen 511 U.S. at

377.  This court lacks jurisdiction to entertain an action for $25,000.00 arising from a breach of a privately negotiated settlement agreement.  <u>See</u> 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States.")  The motion (Doc. 34) is **DENIED**.

ORDERED in Tampa, Florida, on December 15, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE